

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELSEVIER INC.,

        Plaintiff,

v.

PIERRE GROSSMAN, IBIS CORP., PUBLICACOES TECNICAS INTERNACIONAIS, and JOHN DOE NOS. 1-50,

        Defendants.

Civil Action No.

12 CV 5121

**COMPLAINT**

---

Plaintiff Elsevier Inc. ("Elsevier") for its complaint against defendants Pierre Grossman, IBIS Corp. ("IBIS"), Publicacoes Tecnicas Internacionais ("PTI"), and John Doe Nos. 1-50, alleges:

## NATURE OF THE ACTION

1. This case involves subscription fraud. Elsevier publishes many of the world's leading scientific, technology, and medical journals. Elsevier sells its journals largely through subscriptions to two types of end users: (i) institutions, which pay full rates based on their larger expected readership, and (ii) individuals, who pay discounted rates. Defendants, through the use of co-conspirators and false names, have fraudulently purchased individual subscriptions to Elsevier's journals for the purpose of reselling them at higher rates to institutions. In doing so, defendants pocketed substantial profits at Elsevier's expense. Elsevier therefore seeks to recover its damages resulting from defendants' violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), common law fraud, breach of contract and conversion.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the first and second claims in this action pursuant to 28 U.S.C. § 1331 because they arise under 18 U.S.C. § 1962(c) and (d).

3. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 over the third, fourth, fifth, and sixth claims in this action because they are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

4. This Court has personal jurisdiction over the defendants.

5. Venue is proper in this Court under 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b).

## THE PARTIES

6. Plaintiff Elsevier is a Delaware corporation having its principal place of business at 360 Park Avenue South, New York, New York. It publishes scholarly books and journals in many fields of natural and social science.

7. Upon information and belief, defendant PTI is a corporation organized and existing under the laws of the Country of Brazil, with its principal place of business at Rua Peixoto Gomide 209, 01409 Sao Paulo, Brazil. Furthermore, upon information and belief, PTI also maintains an office at 100 Hilton Avenue, Garden City, New York.

8. Upon information and belief, defendant IBIS is a corporation organized under the laws of Brazil, with places of business at 147-10 70th Road P.O. Box 219, Flushing, New York; 100 Hilton Avenue, Garden City, New York; and Rua Peixoto Gomide 209, 01409 Sao Paulo, Brazil.

9. Upon information and belief, defendant Pierre Grossman is a natural person, a citizen and resident of the Country of Brazil, and the Chief Executive Officer of PTI and IBIS.

10.     Defendants John Doe Nos. 1-50 are associates of defendants, and, upon information and belief, are relatives and/or business associates of PTI, IBIS, or Pierre Grossman.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### A.     Elsevier's Business

11.     Elsevier publishes journals consisting primarily of peer-reviewed articles, written by one or more scholars, often based upon original research.

12.     Elsevier invests heavily in publishing its journals. It incurs substantial costs for copyediting, proofreading, typesetting, printing, binding, distributing, marketing, and maintaining its editorial offices.

13.     Elsevier sells its journals almost entirely through annual subscriptions, on a calendar year basis. The price of those subscriptions varies depending upon the type of subscriber. Elsevier charges institutions full rates, which are priced significantly higher than the amount it charges individuals. The standard institutional subscription price reflects the fact that numerous people at the subscribing institutions, over the course of time, will read the journals. Elsevier offers subscriptions to individuals at rates that are discounted in comparison to rates charged to institutions, often as an accommodation to members of the scholarly societies that sponsor or own the journals that Elsevier exclusively publishes. Elsevier relies upon the income from the institutional subscriptions to make its journals economically feasible.

14.     Elsevier is the sole source for new copies of its journals. Elsevier maintains a record of each institutional and individual customer. This enables it to provide customer support, pay royalties, and enhance its products for certain markets. Furthermore, Elsevier offers subscribers discounted rates for items such as electronic access. Thus, even if Elsevier were paid

3

the full amount for subscriptions, it nevertheless is irreparably harmed by the loss of customer information.

15.  Elsevier does not permit individuals to purchase journals at personal subscription rates to supply them to unidentified institutions for institutional use. Orders placed for individual rate journal subscriptions are governed by contracts that prohibit the individual from ordering on behalf of another undisclosed party or ordering to fulfill an order for an institution. Elsevier's invoices and purchase order forms generally state, for example: "Customer/Client represents and warrants that it is purchasing Products and Services from Elsevier for its own account and use (or if the Client is an agent, for the account and use of no more than one principal) and not on behalf of any other person or entity except as may be expressly set forth otherwise in the Terms and Conditions."

16.  In addition to direct sales to individuals and institutions, Elsevier sells subscriptions through subscription agents. Subscription agents act as intermediaries between individuals and institutions, which are their customers, and journal publishers, such as Elsevier. Subscription agents can perform valuable services by removing from their customers the burden of extensive paperwork, while making payment and billing easier for publishers. Subscription agents understand the difference between individual and institutional subscriptions. Elsevier relies on the persons placing the subscription orders to identify truthfully the type of subscription they need, based on their status, as an individual or institution.

17.  Elsevier provides agents with terms and conditions for orders on behalf of the institutional customers. These terms and conditions require that the agent identify the end user of each journal.

18.     Elsevier suffers serious financial injury if it receives payment for institutional subscriptions at individual rates. A substantial decline in its income from journals could cause Elsevier to stop publishing one or more journals, or to reduce the amount of information it publishes in those journals. This would have an adverse impact on scholarship and, ultimately, scientific progress.

19.     Elsevier takes orders for subscriptions by mail, telephone, facsimile and the Internet.

### B.     **Defendants' Fraudulent Acts**

20.     Defendants have engaged in a fraud and a conspiracy to defraud that involves purchasing individual subscriptions from Elsevier at discounted rates to resell those subscriptions to institutions that pay higher rates. In doing so, defendants reap a substantial illegal profit, while depriving Elsevier of revenue and customer information.

21.     The leader of the fraud is Pierre Grossman. Pursuant to his scheme, Pierre Grossman conspired with a group of conspirators - John Doe Nos. 1-50 (collectively, the "Subscribing Defendants").

22.     The Subscribing Defendants have subscribed to certain journals published by Elsevier at individual rates from various states. Defendants obtained the journals by using the mail and interstate wires, and caused PTI and IBIS to resell them to institutions with which they had contacts at substantially higher rates. In doing so, the defendants engaged in interstate and international commerce.

23.     Pierre Grossman also resold the fraudulently obtained journals to institutions with which he had contacts.

24. To conceal the fraudulent nature of their scheme, Pierre Grossman and the other Subscribing Defendants have placed orders for individual subscriptions using false names and/or addresses.

25. Pierre Grossman and the other Subscribing Defendants sent the journals to several addresses in furtherance of their fraud, including 100 Hilton Avenue, Unit 23M, Garden City, New York; and Rua Peixoto Gomide 209, 01409 Sao Paulo, Brazil.

26. Upon information and belief, each of the defendants shared in the profits from the illicit scheme.

## FIRST CLAIM FOR RELIEF
### (RICO - 18 U.S.C. § 1962(c) Against All Defendants)

27. Elsevier repeats paragraphs 1 to 26 with the same force and effect as if set forth in full.

28. At all relevant times, there was an association in fact between and among Pierre Grossman, PTI, IBIS, and the other Subscribing Defendants for the purpose of securing journal subscriptions at individual rates and reselling them to institutions at higher rates.

29. The association in fact described in the foregoing paragraph constitutes an "enterprise" within the meaning of 18 U.S.C. § 1961(4) ("Enterprise").

30. Each of the defendants has conducted or participated in the conduct of the affairs of the Enterprise through a pattern of racketeering activity that consists of two or more predicate acts.

31. Under the direction of Pierre Grossman, each of the Subscribing Defendants has conducted or participated in the conduct of the affairs of the Enterprise by fraudulently securing journal subscriptions at individual rates from Elsevier, and then arranging for the delivery of the journals to PTI, IBIS and/or Pierre Grossman using the United States Postal Service.

32. Pierre Grossman and the other Subscribing Defendants sent the journals to several common addresses in furtherance of their fraud, including 100 Hilton Avenue, Unit 23M, Garden City, New York; and Rua Peixoto Gomide 209, 01409 Sao Paulo, Brazil.

33. In addition, Pierre Grossman and the other Subscribing Defendants used common e-mail addresses in connection with their fraudulent individual journal subscriptions.

34. Furthermore, the Subscribing Defendants secured electronic (internet) access to the journals, which they then provided to Pierre Grossman, IBIS, and/or PTI.

35. Pierre Grossman also conducted or participated in the conduct of the affairs of the Enterprise by reselling, or causing IBIS and/or PTI to resell the fraudulently obtained journals, both paper and electronic, to institutions at higher rates.

36. The acts of the Subscribing Defendants in fraudulently purchasing these journals and reselling them at higher rates were essential to the operation and management of the Enterprise because the Enterprise would not exist without persons performing this function.

37. These predicate acts include acts of mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, in furtherance of their scheme of fraudulently securing subscriptions, many using false names and addresses, to Elsevier's journals at individual rates and reselling them to institutions at higher rates. These predicate acts began as early as 2003 and continued into 2012. Given the annual nature of subscription renewals, they threaten to continue into the future.

38. Pierre Grossman fraudulently secured individual subscriptions to, at least, the following journals in his name, intending to resell them to institutions at higher rates, and specifically intending to defraud Elsevier for the purpose of furthering the illegal activities of the Enterprise:

| Journal Title | Subscription Year | Qty |
|---|---|---|
| Physical Therapy in Sport | 2007 | 1 |
| Journal of Molecular Biology | 2007 | 1 |
| Graphical Models | 2008 | 1 |
| Journal of Endodontics | 2007 | 1 |
| Journal of Voice | 2007 | 1 |
| Nutrition | 2007 | 1 |
| Child and Adolescent Psychiatric Clinics of North America | 2007 | 1 |
| Archives of Physical Medicine and Rehabilitation | 2011 | 1 |

39. Pierre Grossman fraudulently secured individual subscriptions, as set forth in the preceding paragraph, through the use of the mails and/or wires. Each such instance of mail fraud or wire fraud constitutes a predicate act of "racketeering activity" under 18 U.S.C. § 1961 *et seq.*

40. Upon information and belief, Pierre Grossman and the other Subscribing Defendants, using real or fictitious names, secured individual subscriptions, including without limitation those identified in the foregoing paragraphs, intending to resell them to institutions at higher rates, and specifically intending to defraud Elsevier for the purpose of furthering the illegal activities of the Enterprise.

41. As part of their scheme to defraud, defendants intended that Elsevier would use the United States mail to ship each issue of each journal which defendants had fraudulently ordered as an individual subscription. Elsevier did, in fact, use the United States mail in the manner that defendants intended.

42. Defendants secured each of the subscriptions described above with the intent to defraud Elsevier into providing an institutional subscription at an individual rate.

43. Pierre Grossman, IBIS, PTI, and the other Subscribing Defendants have a relationship such that one could infer the association in fact between them, rather than concluding that they merely engaged in parallel conduct. Upon information and belief, a number

of the defendants share familial or business relationships, including but not limited to PTI, IBIS, and Pierre Grossman.

44. The Subscribing Defendants are associated with Pierre Grossman for the purpose of collectively engaging in the illegal activities of the Enterprise.

45. The activities of the Enterprise affect interstate or foreign commerce.

46. By reason of the violation of 18 U.S.C. § 1962(c), and specifically the predicate acts of mail fraud and wire fraud described above, Elsevier has suffered a loss of subscription revenue and other revenue that constitutes injury to their business or property.

47. Elsevier is entitled to recover three times the amount of the damage to its business or property.

## SECOND CLAIM FOR RELIEF
### (RICO Conspiracy – 18 U.S.C. § 1962(d) Against All Defendants)

48. Elsevier repeats the paragraphs numbered 1 to 47 with the same force and effect as if set forth in full.

49. Pierre Grossman, PTI, IBIS, and the Subscribing Defendants, between themselves and among each other, have agreed to conduct or participate in the conduct of the affairs of the Enterprise through a pattern of racketeering activity. Upon information and belief, Pierre Grossman and the Subscribing Defendants each agreed beginning, depending on the Subscribing Defendant, in 2003 through 2012 to commit two or more predicate acts of wire fraud and/or mail fraud in furtherance of their scheme and to conduct the Enterprise through a pattern of racketeering activity.

50. The agreement is evidenced by the coordinated efforts of Pierre Grossman, PTI, IBIS, and the Subscribing Defendants in achieving the illegal objectives of the Enterprise. The Subscribing Defendants, under the direction of Pierre Grossman, secured individual rate

subscriptions and electronic (internet access) journals from Elsevier using false names and addresses, and arranged for delivery of the print and electronic journals to Pierre Grossman at the previously mentioned addresses. Pierre Grossman then resold, or caused PTI, and/or IBIS to resell, the individual rate paper and electronic journals to institutions at higher rates.

51. The predicate acts of mail fraud and wire fraud, described above, constitute overt acts of the foregoing conspiracy in violation of 18 U.S.C. § 1962(d), by reason of which Elsevier has suffered a loss of subscription revenue and other revenue that constitutes damage to its business or property.

52. Elsevier is entitled to recover three times the damage to its business or property.

### THIRD CLAIM FOR RELIEF
(Common Law Fraud Against All Defendants)

53. Elsevier repeats the paragraphs numbered 1 to 52 with the same force and effect as if set forth in full.

54. Pierre Grossman and the Subscribing Defendants purchased individual subscriptions from Elsevier by representing that he or she intended to use those subscriptions for individual purposes, and/or by failing to disclose that he or she intended to resell those individual subscriptions to institutions, and/or by misrepresenting his or her name, address or other contact information.

55. These representations were false and misleading because defendants, at all material times, intended to resell the subscriptions to institutions, at a substantial profit.

56. Pierre Grossman and the Subscribing Defendants made these misrepresentations and omissions intending to deceive Elsevier.

57. The misrepresentations and omissions were material to the decisions of Elsevier to sell subscriptions to Pierre Grossman and the Subscribing Defendants. Elsevier relied upon

these misrepresentations in selling the individual subscriptions. Elsevier would not have sold individual subscriptions to Pierre Grossman and the Subscribing Defendants if it had known that they intended to resell the subscriptions to institutions.

58. As a proximate result of the defendants' fraudulent conduct, Elsevier has been damaged.

59. As set forth in this Complaint, PTI and IBIS are vicariously liable for the fraud of Pierre Grossman and certain other defendants.

## FOURTH CLAIM FOR RELIEF
### (Conspiracy to Defraud Against All Defendants)

60. Elsevier repeats paragraphs 1 to 59 with the same force and effect as if set forth in full.

61. Upon information and belief, Pierre Grossman, PTI, IBIS, and the Subscribing Defendants conspired to defraud Elsevier by purchasing individual subscriptions to its journals and reselling them to institutions.

62. Pierre Grossman committed overt acts in furtherance of the conspiracy, including but not limited to selling to institutions the journals that Pierre Grossman and the other Subscribing Defendants purchased through individual subscriptions.

63. The Subscribing Defendants committed overt acts in furtherance of the conspiracy, including but not limited to placing orders for individual subscriptions to the journals published by Elsevier.

64. PTI and IBIS each committed overt acts in furtherance of the conspiracy, including but not limited to reselling the fraudulently obtained individual journal subscriptions to institutional users.

65. As a proximate result of the defendants' fraudulent conduct, Elsevier has been damaged.

66. PTI and IBIS are vicariously liable for the acts of Pierre Grossman and certain other defendants.

## FIFTH CLAIM FOR RELIEF
(Breach of Contract Against Pierre Grossman and the Subscribing Defendants)

67. Elsevier repeats paragraphs 1 to 66 with the same force and effect as if set forth in full.

68. Pierre Grossman and the Subscribing Defendants, by purchasing individual subscriptions, entered into contracts with Elsevier. Those contracts prohibited Pierre Grossman and the Subscribing Defendants from reselling the journals obtained through an individual subscription to an institution.

69. By reselling the journals obtained through an individual subscription, Pierre Grossman and the Subscribing Defendants breached their contracts with Elsevier.

70. As a proximate result of the defendants' breach, Elsevier has been damaged.

## SIXTH CLAIM FOR RELIEF
(Conversion Against All Defendants)

71. Elsevier repeats paragraphs 1 to 70 with the same force and effect as if set forth in full.

72. By obtaining possession of the journals fraudulently and unlawfully, defendants have converted Elsevier's property.

73. As a result of such conversion, Elsevier suffered damages as alleged above and defendants have been unjustly enriched.

WHEREFORE, Elsevier respectfully requests that this Court enter judgment, awarding it:

A. Compensatory damages in an amount to be determined at trial;

B. Treble damages pursuant to 18 U.S.C. § 1964;

C. Prejudgment interest;

D. Punitive damages;

E. A mandatory injunction compelling defendants to fully and accurately disclose the end user of each journal to which any of them procured a subscription;

F. Costs and reasonable attorneys' fees; and

G. Such other and further relief as the Court deems just and proper.

SILLS CUMMIS & GROSS P.C.
30 Rockefeller Plaza
New York, New York 10020
(212) 643-7000
*Attorneys for Plaintiff Elsevier Inc.*

By: _____
JASON L. JURKEVICH

Dated: New York, New York
       June 28, 2012

13