UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER INC., ELSEVIER B.V., ELSEVIER LTD., and ELSEVIER MASSON SAS., <br><br> Plaintiff, <br><br> v. <br><br> PIERRE GROSSMAN, IBIS CORP., PUBLICACOES TECNICAS INTERNACIONAIS, and JOHN DOE NOS. 1-50, <br><br> Defendants. | Civil Action No. 12-cv-5121 (KPF) <br><br><br><br><br> **ORDER TO SHOW CAUSE FOR AN ORDER OF ATTACHMENT AND TEMPORARY RESTRAINING ORDER** |

Upon the annexed Declaration of Jason Jurkevich dated December 28, 2015, the accompanying Memorandum of Law, the pleadings, and all prior proceedings herein, it is hereby:

ORDERED that defendants Publicacoes Tecnicas Internacionais ("PTI") and International Bibliographic Services Corp. ("IBIS") SHOW CAUSE before the Honorable Katherine Polk Failla, United States District Judge, in Courtroom 618 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, at _____ a.m./p.m. on _____, 201_, or as soon thereafter as counsel may be heard, why an Order should not be entered:

(i) Pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and CPLR § 6201, attaching the accounts of IBIS at J.P. Morgan Chase Bank, including but not limited to account #144015382, in the amount of $ 300,000, so as to freeze funds that are available not subject to prior levy or attachment, or, to the extent necessary due to the unavailability of sufficient unencumbered funds, account balances, that are already subject to levy or attachment

on behalf of one or more third parties.

(ii)  Enjoining PTI and IBIS, and their agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, from transferring or withdrawing any funds from those accounts pending a further order of this Court; and

(iii) Granting such other and further relief as to the Court may seem just and proper.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and New York CPLR § 6210, the Court makes the following preliminary findings of fact and conclusions of law on Plaintiff's application for a Temporary Restraining Order.

1. This is an action for money damages.

2. PTI is a corporation organized and existing under the laws of the Country of Brazil, and not qualified to do business in New York.

3. IBIS is a corporation organized under the laws of New York with its principal place of business at 100 Hilton Avenue, Unit M23, Garden City, New York, 11530.

4. IBIS maintains at least one bank account at J.P. Morgan Chase Bank, #144015382, which account is funded by PTI for the purpose of facilitating payments on behalf of PTI to publishers based in the United States.

5. The Court entered default judgment on liability against PTI and IBIS on May 8, 2015.

6. Plaintiff has demonstrated a likelihood of success on the merits of its claims for a violation of 18 U.S.C. § 1962(c) and 1962(d), breach of contract, and conversion against PTI and IBIS.

7. The Defendants have no counterclaims against Plaintiff.

8. An Order of Attachment is an appropriate exercise of the Court's discretion, as it is necessary to ensure that any judgment Plaintiff obtains in this action against PTI and IBIS is satisfied.

And it is further ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR §§ 6201 and 6210, pending the hearing on Plaintiff's application for an order of attachment, the funds of IBIS at J.P. Morgan Chase Bank, including but not limited to account #144015382, be and hereby are, attached.

And it is further ORDERED that Elsevier may serve a Restraining Notice, together with a copy of this Order, upon J.P. Morgan Chase Bank, prohibiting the use, transfer or withdrawal of the funds of IBIS at J.P. Morgan Chase Bank, including but not limited to account #144015382, pending further Order of the Court.

And it is further ORDERED that PTI and IBIS and their agents, servants, employees, and attorneys and all persons in active concert or participation with it who receive actual notice of this Order, be and hereby are TEMPORARILY RESTRAINED from withdrawing or transferring any funds from IBIS's accounts at J.P. Morgan Chase Bank pending further Order of the Court.

Plaintiff shall serve a copy of this Order, and the papers upon which it was granted, on PTI and IBIS on or before _____ p.m. on _____, 201_, by dispatching a copy by Federal Express, or a comparable courier service, to (i) 100 Hilton Avenue, Unit M23, Garden City, New York 11530; and (ii) Rua Peixoto Gomide 209, 01409-901, Sao Paulo, Brazil; and by emailing a copy of this Order, and the papers upon which it was granted to Mr. Pierre Grossman at the following email address: iampierre@yesicandob2b.com.

IBIS shall serve opposition papers on counsel for Plaintiff so as to be received on or before _____ p.m. on _____, 201_, either by hand or by Federal Express, or a

comparable courier service, and by email to the following email address:

jjurkevich@sillscummis.com.

Plaintiff shall serve reply papers, if any, on PTI and IBIS so as to be received on or before _____ p.m. on _____, 201_, either by hand or by sending a copy by Federal Express, or a comparable courier service to the addresses listed above, and by email to Mr. Pierre Grossman to the email address listed above.

Plaintiff shall post cash or bond with the Clerk of the Court on or before ____ p.m. on _____, 2015, in the amount of $ _____ as a condition of the Order of attachment and temporary restraining order set forth herein.

_____
HON. KATHERINE POLK FAILLA, U.S.D.J.

Dated:  _____, 201_

4