# Sills Cummis & Gross
A Professional Corporation

**Jason L. Jurkevich**
Of Counsel
Direct Dial: 973-643-5297
Email: jjurkevich@sillscummis.com

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax (973) 643-6500

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

600 College Road East
Princeton, NJ 08540
Tel: (609) 227-4600
Fax: (609) 227-4646

January 27, 2016

**VIA ECF**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, New York 10007

      Re:   *Elsevier, Inc., et al. v. Pierre Grossman, et al.*
              Civ. Action No. 12-cv-5121 (KPF)

Dear Judge Failla:

      We represent plaintiffs Elsevier, Inc., Elsevier B.V., Elsevier Ltd., and Elsevier Masson SAS (collectively, "Elsevier") in this matter. Please accept this letter in lieu of a more formal brief in support of Elsevier's renewed motion for a preliminary injunction and for pre-judgment attachment of funds belonging to defaulting defendant Publicacoes Tecnicas Internacionais ("PTI") which are being held in the J.P. Morgan Chase Bank ("Chase") account held by the defaulting defendant International Bibliographic Information Systems Corp. ("IBIS").

      Elsevier set forth the statutory grounds for attachment under N.Y. C.P.L.R. § 6201(1) and (3) in its initial motion. With respect to subsection (1), PTI is a foreign company that does not operate in New York. The funds that are currently sitting in the IBIS account are the funds of PTI, as Mr. Grossman has repeatedly stated in emails, and as he testified in Court during the trial. With respect to subsection (3), there is a substantial risk that IBIS will deplete its account absent restraint in order to frustrate Elsevier's enforcement of an eventual judgment.

      Moreover, consistent with the Court's instruction in its January 15, 2016 Order (Doc. No. 168), Plaintiffs can show that Defendants' financial position and conduct pose a significant risk of the enforcement of a future judgment.[1] Critically, IBIS has no assets other than the

---

[1] Plaintiffs' evidence to establish that Defendants' financial position and conduct pose a significant risk of the enforcement of a future judgment apply equally to further support relief under § 6201(3) and to demonstrate the likelihood of irreparable harm as required for a preliminary injunction.

Hon. Katherine Polk Failla, U.S.D.J.                                                                                       Page 2
January 27, 2016

ephemeral.  As admitted by Mr. Grossman at trial, IBIS is a "non-profit" (his terminology), given its sole function as a pass-through for payments from PTI to publishers.

In addition, it appears that, despite Mr. Grossman's representations to the Court that he would pay any judgment entered by the Court, his actions demonstrate that just the opposite is true.  Not only has he not paid the judgment that was entered against him in the *Wiley* litigation pending in New York State Supreme Court, but documents recently filed in that case reveal that Mr. Grossman has actively sought to hide other assets that he had in New York financial institutions in order to frustrate his creditors.

In response to Mr. Grossman's motion to vacate the restraining notice served by Wiley upon Chase, counsel for Wiley submitted an affirmation which, among other things, revealed that Mr. Grossman maintained an account at HSBC Bank, which he closed on September 13, 2015.  In addition, in early 2015, Mr. Grossman used an account at HSBC -- held through a company called M. Publisher Inc. -- to purchase a new Lexus.  Mr. Grossman failed to disclose any of these accounts or assets in response to Wiley's post-judgment discovery requests, however.  *See* Dec. of Jason L. Jurkevich (attaching Affirmation of Nicole Haff, and Exs. F, K, L thereto).

Mr. Grossman is the president and owner of both PTI and IBIS.  There is no reason to believe that, given the opportunity, he will not use the same means and methods that he has employed to hide assets from Wiley to hide PTI's funds from Elsevier.  As those funds belong to PTI, there is nothing to stop Mr. Grossman -- acting on behalf of PTI -- from directing that IBIS -- which can only act through Mr. Grossman -- return those funds to PTI in Brazil, thus leaving Elsevier without the ability to enforce its eventual final judgment against that available property.  Furthermore, given that IBIS has no assets (other than ephemeral), no infrastructure, no clients (other than PTI), and no employees, there is significant risk that Mr. Grossman merely abandons or dissolves IBIS to frustrate the collection of a judgment, and that PTI uses another corporation (perhaps M. Publisher Inc. or some alternative) to continue the function of transferring payments to publishers.

As this Court has previously held, the remedy of attachment "serves to protect the plaintiff against defendant's ability to pack his bags, abandon his place of convenience within the state, and remain at his permanent residence outside the reach of New York enforcement procedures," leaving the defendant with insufficient assets within the state to satisfy the judgment. *Thornapple Assocs. v. Sahagen,* Civ. Action No. 06-6412 (JFK), 2007 U.S. Dist. LEXIS 17370,  *17 (S.D.N.Y. Mar. 12, 2007).  In *Thornapple,* the Court awarded attachment over funds belonging to the non-domiciliary defendant, where such funds were the only assets belonging to that defendant in New York, and where the funds were easily transferrable out of New York.  Here, too, Mr. Grossman has repeatedly stated that PTI has no property or operations in New York, and thus, its funds, which are transferred to IBIS' account for the purpose of making payments to U.S. publishers are likely the only property of PTI located in New York.

The fact that the property in question are liquid funds in a bank account only further demonstrate the need for attachment as security for Elsevier's eventual judgment.  Bank accounts "by nature, are liquid and can be easily transferred from the jurisdiction by a simple telephone

call."  As a result, Elsevier "would be in the inauspicious position of having to chase defendants" to Brazil or elsewhere.  *See Thornapple, supra* at *19 (citing *Graubard Mollen Dannett & Horowitz v. Kostantinides,* 709 F. Supp. 428, 432 (S.D.N.Y. 1989)).  Section 6201 is designed to protect plaintiffs like Elsevier against this very outcome.

For these reasons, Elsevier requests that the Court grant its renewed motion for an order of attachment.

Thank you for your consideration of this matter.

                                                   Respectfully,

                                                   *s/ Jason L. Jurkevich*

                                                   JASON L. JURKEVICH

Case 1:12-cv-05121-KPF   Document 175   Filed 01/27/16   Page 3 of 3