# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax (973) 643-6500

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Jason L. Jurkevich**
Of Counsel
Direct Dial: 973-643-5297
Email: jjurkevich@sillscummis.com

600 College Road East
Princeton, NJ 08540
Tel: (609) 227-4600
Fax: (609) 227-4646

May 27, 2016

**Via ECF and E-mail**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, New York 10007

    Re:   *Elsevier, Inc., et al. v. Pierre Grossman, et al.*
             Civ. Action No. 12-cv-5121 (KPF)

Dear Judge Failla:

    We represent plaintiffs Elsevier, Inc., Elsevier B.V., Elsevier Ltd., and Elsevier Masson SAS (collectively, "Elsevier") in this matter.

    As the Court is aware, the parties are awaiting a decision by the Court on the pending post-trial motions by Elsevier and defendant Pierre Grossman. Elsevier's application for a writ of attachment regarding a bank account held by defaulting defendant International Bibliographic Information Services Corporation a/k/a IBIS Corp. ("IBIS") at JP Morgan Chase Bank ("Chase") is also pending, although the Court did issue an Order dated January 29, 2016, granting preliminary injunctive relief restraining the IBIS account in the amount of $300,000 pending a decision on Elsevier's application for a writ of attachment. [Dkt. No. 180.]

    Based upon additional information that we recently received, we write to correct a statement made in Elsevier's brief in support of its order to show cause for a writ of attachment, which was filed on or about December 28, 2015 [Dkt. No. 155], and to update the Court regarding the status of the IBIS account.

    In Elsevier's initial moving brief for attachment, we stated that the IBIS account had a balance of approximately $523,000. Elsevier's statement as to the amount of the account balance was based on correspondence that Mr. Grossman had sent to the Court, with a copy to Elsevier, that included a notice he had received from Chase stating that a "hold amount" of $523,969.80 had been placed on the IBIS account. [Dkt. No. 157-11.] At no time did Mr. Grossman provide any information or make any statement as to the actual balance of the IBIS account, nor did he seek to correct Elsevier's statement as to the amount held in that account.

Hon. Katherine Polk Failla, U.S.D.J.                                                                                Page 2
May 27, 2016

   Late last week, we were advised by Chase that the actual balance in the IBIS account was far less than the "hold amount" reflected in the aforementioned notice, and also substantially less than the $300,000 amount reflected in the Court's January 29, 2016 Order. In fact, according to the Chase attorney who contacted us, the actual balance is well below $200,000.

   According to Chase, the "hold amount" was calculated by doubling the amount of the default judgment obtained by John Wiley & Sons, Inc. ("Wiley") against Mr. Grossman in the action pending in New York State Supreme Court (the restraining notice served by Wiley was the original basis for Chase's imposition of a hold on the IBIS account).[1] The "hold amount" effectively acts a maximum amount to be restrained, but does not necessarily reflect the actual balance, which can be -- and in this case is -- far less. Indeed, the actual balance is less that the total amount of the Wiley judgment alone, irrespective of what judgment may be issued against IBIS in this case.

   The attorney for Chase also advised that the State Supreme Court had denied Mr. Grossman's motion to vacate Wiley's restraining notice and that Wiley had stated its intention to move forward with enforcement efforts. The Chase attorney recognized that the amount of the Court's Preliminary Injunction Order exceeded the amount of the account balance and, in reviewing Elsevier's brief, suspected (correctly) that Elsevier was under a misimpression regarding the balance in the IBIS account.

   We have since been advised by Chase that it was served with an execution issued by Wiley -- even though Wiley apparently has not commenced a special proceeding or obtained a turnover order in accordance with N.Y. C.P.L.R. 5225(b) to obtain payment from IBIS (which is not a judgment debtor or even a party in the Wiley action). The attorney for Chase also stated that given the existence of Wiley's execution and the Preliminary Injunction Order, Chase will be filing an interpleader action with respect to the IBIS account so that the court can determine Wiley and Elsevier's competing interests in the IBIS account.

   We do not believe that the new information clarifying the amount of the balance in the IBIS account impacts any part of the Court's reasoning set forth in its Preliminary Injunction Order. Nevertheless, we wanted to ensure that the record accurately reflected the facts at issue before the Court renders a final determination of Elsevier's application for attachment, and to inform the Court as to the current state of affairs with respect to the IBIS account.

   We look forward to the Court's decision on the pending motions. Thank you for your consideration of this matter.

                         Respectfully,

                         *s/ Jason L. Jurkevich*

                         JASON L. JURKEVICH

cc:  Mr. Pierre Grossman (via email)

---

[1] According to the Chase attorney who contacted me, this is consistent with Chase's standard practice when served with a restraining notice.