```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
ELSEVIER INC., ELSEVIER B.V.,                           :
ELSEVIER LTD., and ELSEVIER MASSON                      :
SAS,                                                    :
                                                        :
                                    Plaintiffs,         :
                        v.                              :
                                                        :
PIERRE GROSSMANN, IBIS CORP.,                           :
PUBLICAÇÕES TÉCNICAS                                    :
INTERNACIONAIS, and JOHN DOE                            :
Nos. 1-50,                                              :
                                                        :
                                    Defendants.         :
                                                        :
------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 2, 2016
```

12 Civ. 5121 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

On August 26, 2016, Plaintiffs Elsevier Inc., Elsevier B.V., Elsevier Ltd., and Elsevier Masson SAS (collectively, "Plaintiffs" or "Elsevier") filed their Motion to Correct and/or Clarify the August 4, 2016 Opinion and Order Regarding the Breach of Contract Damages Awarded Against Defaulting Defendants PTI and IBIS pursuant to Federal Rule of Civil Procedure 60(a). Defendant Pierre Grossmann, the only defendant remaining in the case, filed no opposition. For the reasons set forth in the remainder of this Opinion, Plaintiffs' motion is granted.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history set forth in its prior decision denying Plaintiffs' motion for default judgment and granting Plaintiffs leave to amend the Complaint, *Elsevier, Inc.* v. *Grossman*,

No. 12 Civ. 5121 (KPF), 2013 WL 6331839 (S.D.N.Y. Dec. 5, 2013); the Court's opinion granting in part Defendants' motion to dismiss, *Elsevier, Inc.* v. *Grossman*, 77 F. Supp. 3d 331 (S.D.N.Y. 2015); and the Court's August 4, 2016 Opinion and Order awarding damages for breach of contract against defaulting defendants Publicações Técnicas Internacionais ("PTI") and IBIS Corp. ("IBIS") (the "August 4th Opinion and Order" (Dkt. #222)). The Court will not repeat that background here, but will describe briefly the recent and relevant events giving rise to this Opinion and Order.

In its August 4th Opinion and Order, the Court granted Plaintiffs' Motion for Final Default Judgment against PTI and IBIS on their breach-of-contract claims, finding PTI's and IBIS's defaults "tantamount to admissions of liability." (Dkt. #222 at 50). To calculate how much Plaintiffs were owed for violations of "28 of the subscription contracts" at issue, the Court took "the full institutional price that PTI and IBIS should have paid for the subscriptions, and subtract[ed] the discounted individual price that PTI and IBIS actually paid." (*Id.* at 50-51). "Using this method, the Court … determined that PTI and IBIS owe[d] $22,854 in damages." (*Id.* at 51).

Also in the August 4th Opinion and Order, the Court directed the parties to appear for a telephone conference on August 16, 2016, to discuss next steps in the case. (Dkt. #222 at 52). At that telephone conference, Plaintiffs indicated that they would file a motion for reconsideration to correct a typographical error in their brief seeking default judgment, which error had

2

been adopted by the Court in the August 4th Opinion and Order.  (Dkt. #234 at 2-5).  The Court set a schedule for the briefing of that motion.  (Dkt. #225).

On August 26, 2016, Plaintiffs filed their Motion to Correct and/or Clarify the August 4, 2016 Opinion and Order Regarding the Breach of Contract Damages Awarded Against Defaulting Defendants PTI and IBIS.  (Dkt. #231-32).[1]  Though Defendant Grossmann had indicated at the August 16th telephone conference that he intended to oppose this motion (Dkt. #234 at 13), he failed to file any opposition by the scheduled due date of September 14, 2016 (Dkt. #225).[2]  Plaintiffs therefore filed a letter on September 21, 2016, in further support of their motion asking that, "in the absence of any opposition and for the reasons set forth in [Plaintiffs'] moving papers," the Court grant Plaintiffs' motion.  (Dkt. #236).

## DISCUSSION

### A.     Applicable Law

Federal Rule of Civil Procedure 60(a) provides, in relevant part, that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice."  Fed. R. Civ. P. 60(a).  The Second Circuit "has held that 'a Rule 60(a) motion is appropriate where the judgment has failed accurately to reflect the actual

---

[1]     For convenience, the Court will refer to Plaintiffs' memorandum in support of this motion as "Pl. Br."  (Dkt. #232).

[2]     Indeed, the Court has received no opposition to date.

decision of the decision maker.'" *Roberts* v. *Bennaceur*, No. 15-2326, 2016 WL 4155021, at *8 n.9 (2d Cir. Aug. 5, 2016) (summary order) (quoting *Robert Lewis Rosen Assocs., Ltd.* v. *Webb*, 473 F.3d 498, 504 (2d Cir. 2007)).  Thus, while a court "may not make 'changes that alter the original meaning [of an order] to correct a legal or factual error,'" it may make such corrections as are necessary "in order to 'implement the result intended by the court at the time [an] order was entered.'"  *Weiming Chen* v. *Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (summary order) (alteration in original) (quoting *Rezzonico* v. *H & R Block, Inc.*, 182 F.3d 144, 150-51 (2d Cir. 1999)).

**B.   Analysis**

The Court identified the subscription contracts underlying its damage award on the basis of (i) Plaintiffs' representation that damages were not owed for seven non-fraudulent contracts and seven subscriptions personally signed by Defendant Grossmann and (ii) the Court's determination that Plaintiffs could not obtain damages for eight subscriptions not mentioned in the Amended Complaint.  (Dkt. #222 at 50-51).  Plaintiffs do not dispute these exclusions, nor do they dispute the Court's determination that the total damages owed were in the amount of $22,854.  (Pl. Br. 5-6, 5 n.2).[3]

Rather, Plaintiffs take issue with the Court's "identification of the ... subscriptions." (Pl. Br. 6).  Specifically, Plaintiffs allege that the Court made

---

3   Plaintiffs did initially dispute the Court's computation of the damages award at the August 16th telephone conference, but ultimately determined that the amount awarded was correct.  (Pl. Br. 11 n.4).

4

three clerical mistakes in its August 4 Opinion and Order, of which they seek correction:  (i) the Court adopted Plaintiffs' misidentification of the excludable subscriptions as those listed in the Amended Complaint, Exhibit A, at lines 10 and 16-31, rather than at lines 10 and 26-31; (ii) relying on this misidentification, the Court counted 28 relevant subscriptions, rather than 36; and (iii) the Court included in its parenthetical on page 50 identifying the "Exhibit A subscriptions" the subscription listed at line 40, which was a subscription ordered by Mr. Grossmann that should have been excluded, and excluded the subscription listed at line 12, which should have been included because it was ordered by PTI.  (*Id.* at 5-7).

The Court agrees that these clerical mistakes in the Court's August 4, 2016 Opinion and Order do not reflect its actual adjudication of the damages award and should be corrected.  The Court properly calculated the damages award of $22,854 by omitting the three sets of subscriptions that it described and considering only the 36 subscriptions listed at lines 2-7, 9, 11-16, 18-24, 33-39, 41, 43-44, and 46-51 of Exhibit A.  Correcting the Court's identification and count of these subscriptions in the August 4, 2016 Opinion and Order to reflect accurately the Court's analysis does nothing to change the original meaning of that Opinion and Order; the damages calculation and award remain unchanged.  Thus, this kind of correction is exactly what Rule 60(a) contemplates and permits.  *See* Fed. R. Civ. P. 60(a); *see also, e.g.*, *Robert Lewis Rosen Assocs.*, 473 F.3d at 505-06 (affirming district court's order of supplemental judgment to confirm intended and undisputed award amount);

5

*Dudley ex rel. Estate of Patton* v. *Penn-Am. Ins. Co.*, 313 F.3d 662, 665 (2d Cir. 2002) (affirming district court's correction of "a judicial oversight, namely the district court's failure to include the monetary award in the Original Judgment"). Therefore, the correction is merited.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is GRANTED. The Court amends its August 4, 2016 Opinion and Order as follows: The Court's reference on page 50 to the "Ex. A, lines 10[] [and] 16-31" is corrected to reference "Ex. A, lines 10[] [and] 26-31." The two references to "28" subscription contracts," one on page 50 and one on page 51, are each corrected to reference "36" subscription contracts. And the Court's parenthetical on page 50 identifying the "Exhibit A subscriptions" is amended from "Ex. A, lines 2-7, 9, 11, 13-15, 33-41, 43-44, 46-51" to "Ex. A, lines 2-7, 9, 11-16, 18-24, 33-39, 41, 43-44, 46-51."

The parties must submit their proposed interest calculations to the Court by December 31, 2016. Any additional post-trial motions contemplated by the parties will be discussed at the conference presently scheduled for December 28, 2016, at 3:30 p.m.

...

The Clerk of Court is directed to terminate the motion at docket entry 231.

SO ORDERED.

Dated:   December 2, 2016
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

Pierre Grossman
100 Hilton Ave
Unit M23
Garden City, NJ 11530