UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

ELSEVIER INC., ELSEVIER B.V.,
ELSEVIER LTD., and ELSEVIER MASSON
SAS,

                                    Plaintiffs,

                    v.

PIERRE GROSSMANN, IBIS CORP.,
PUBLICAÇÕES TÉCNICAS
INTERNACIONAIS, and JOHN DOE
Nos. 1-50,

                                    Defendants.

------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  August 7, 2017

12 Civ. 5121 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

This is the thirteenth order the Court has been compelled to issue

addressing the propriety and/or imposition of sanctions against Defendant

Pierre Grossmann.  To review, on June 29, 2012, Plaintiffs Elsevier Inc.,

Elsevier B.V., Elsevier Ltd., and Elsevier Masson SAS (collectively, "Plaintiffs" or

"Elsevier") brought this action against Defendants Publicações Técnicas

Internacionais ("PTI"), IBIS Corp. ("IBIS"), and Mr. Grossmann (together with

PTI and IBIS, "Defendants"), alleging that Defendants had operated a scheme to

(i) obtain subscriptions to the journals sold by Plaintiffs at discounted rates

and (ii) to resell those journal subscriptions to institutions otherwise obligated

to pay full price for them.  For the more than five years that have elapsed since,

protracted litigation has ensued with regard to the merits of Plaintiffs' case, the

sufficiency of Plaintiffs' pleadings, the inaction of Defendants PTI and IBIS, and

the misconduct of Mr. Grossmann. This Opinion and Order marks the latest chapter in the saga.

As of today, the Court has reached the end of its tether with regard to Mr. Grossmann's behavior. His misconduct has gone on for far too long; he has been undeterred by this Court's repeated attempts to curb his behavior. The Court has been left no choice but to impose a more severe sanction against Mr. Grossmann than it has to date. The Court will describe fully the scope of that sanction and the reasons for its imposition in the sections that follow.

## BACKGROUND[1]

### A. Substantive Proceedings

On February 15, 2017, Plaintiffs filed their motion (i) for a new trial against Mr. Grossmann pursuant to Federal Rule of Civil Procedure 59 on the issue of domestic injury with respect to Plaintiffs' RICO claims and (ii) for leave to amend Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 15 to set forth supplemental, domestic-injury allegations. (Dkt. #297-300). In the May 2017 Opinion, the Court (i) granted Plaintiffs' motion for a new trial on the issue of domestic injury; (ii) set aside its conditional

---

[1] The Court outlined the bulk of the background relevant to this case in its Opinion issued on August 4, 2016 Opinion (the "August 2016 Opinion"). *See Elsevier, Inc.* v. *Grossman*, 199 F. Supp. 3d 768, 774-78 (S.D.N.Y. 2016), *order clarified sub nom. Elsevier Inc.* v. *Grossmann*, No. 12 Civ. 5121 (KPF), 2016 WL 7077037 (S.D.N.Y. Dec. 2, 2016). In its subsequent Opinion and Order resolving Plaintiffs' motion for a new trial and for leave to amend (the "May 2017 Opinion"), the Court provided a description of more recent events. *See Elsevier Inc.* v. *Grossmann*, No. 12 Civ. 5121 (KPF), 2017 WL 1843298, at *1-2 (S.D.N.Y. May 8, 2017). Therefore, to avoid redundancy, the Court here incorporates by reference the factual and procedural background statements set forth in these Opinions, and focuses its attention in this section on only the most relevant recent events.

default judgment, properly considered an entry of default, against Defendants PTI and IBIS; and (iii) granted Plaintiffs' motion for leave to amend their pleading with regard to their RICO and RICO conspiracy claims against Defendants PTI and IBIS. (Dkt. #338). *See generally Elsevier Inc.* v. *Grossmann*, No. 12 Civ. 5121 (KPF), 2017 WL 1843298 (S.D.N.Y. May 8, 2017). The Court scheduled a trial regarding the issue of domestic injury to start on January 8, 2018. (*Id.*).

On May 25, 2017, Plaintiffs filed a Second Amended Complaint (the "SAC"). (Dkt. #346). Service was made on Defendants by Federal Express on May 23, 2017. (Dkt. #355). Defendants PTI and IBIS failed to answer the SAC, and Plaintiffs requested the entry of default against them on June 19, 2017. (Dkt. #356-57). A Clerk's Certificate of Default was issued with regard to each entity on June 26, 2017. (Dkt. #359 (PTI); Dkt. #360 (IBIS)).

## B. Sanctions Proceedings

In tandem with the proceedings on the merits of Plaintiffs' claims, the Court has overseen prolonged sanctions litigation prompted by Mr. Grossmann's shockingly inappropriate, harassing conduct. (*See* Dkt. #212, 228, 244, 275, 281, 292, 301, 331). The Court will summarize the history of this litigation in brief here.

On January 6, 2017, the Court issued an Order (the "January 2017 Order"), in which it explained that it found itself "compelled to exercise its inherent power to sanction Mr. Grossmann for his violations of its orders[] in an effort to enforce his compliance with future orders and to compensate the

[Plaintiffs] for the time and resources that they have been forced to expend on the countless fire drills prompted by Mr. Grossmann's harassing conduct. (Dkt. #275 (citing *Revson* v. *Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000); *Powell* v. *Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (internal quotation marks omitted) (quoting *McComb* v. *Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949))). The Court found that Defendant "Grossmann's threats of criminal prosecution and campaign of harassing communications, occasionally laced with racial slurs and references to historical atrocities, [were] entirely without color and motivated by the improper purpose of extorting a monetary settlement." (*Id.* (citing *Milltex Indus. Corp.* v. *Jacquard Lace Co.*, 55 F.3d 34, 38 (2d Cir. 1995) (quoting *Oliveri* v. *Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986)))). Accordingly, the Court banned Mr. Grossmann from communicating with Plaintiffs or their counsel without the Court's express permission. (*Id.*). If Mr. Grossmann violated this Order, he was warned that he would be fined for every violative communication "to compensate the parties for the time and resources that they [we]re forced to dedicate to respond" to each. (*Id.*).

On February 17, 2017 (Dkt. #301), April 25, 2017 (Dkt. #331), and on June 2, 2017 (Dkt. #353), the Court sanctioned Mr. Grossmann for his flouting of the Court's orders. As of June 2, 2017, the Court calculated that Mr. Grossmann owed Plaintiffs a total sanctions award of $18,500. (Dkt. #353). Mr. Grossmann was directed to pay this sum, in its entirety, by June 30, 2017. (*Id.*). The Court understands that Mr. Grossmann failed to do so. (Dkt. #369).

In the June 2, 2017 Order, the Court informed Mr. Grossmann in no uncertain terms that he would receive no additional chances to demonstrate his capacity to comply.  (*See* Dkt. #353).  The Court cautioned Mr. Grossmann that if he did not stop contacting Plaintiffs, Plaintiffs' counsel, and Plaintiffs' employees without the Court's consent, and if he did not pay Plaintiffs the $18,500 that he owed to them by June 30, 2017, the Court would "impose a more severe sanction that will effectively end this case."  (*Id.* (emphasis omitted)).  Because Mr. Grossmann failed to comply with the Court's directives, the Court must now act on its warning.

## DISCUSSION

### A.    Applicable Law

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co.* v. *Haeger*, — U.S. —, 137 S. Ct. 1178, 1186 (2017) (quoting *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'"  *Id.* at 1186 (quoting *Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).

However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  *Xiao Xing Ni* v. *Gonzales*, 494 F.3d 260, 270 (2d Cir. 2007) (internal quotation marks omitted) (quoting *Chambers*, 501 U.S. at 44).  A court's "inherent power generally extends only to a court's management of its own affairs: to impose decorum, to maintain order, to

control admission to the bar, to discipline attorneys, to punish for contempt, and to vacate its own judgments if tainted by fraud." *Xiao Xing Ni*, 494 F.3d at 267. "Courts may impose sanctions pursuant to their inherent authority 'only upon a particularized showing of bad faith, which requires clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes.'" *Kennedy* v. *City of N.Y.*, No. 12 Civ. 4166 (KPF), 2016 WL 3460417, at *2 (S.D.N.Y. June 20, 2016) (quoting *Vaigasi* v. *Solow Mgmt. Corp.*, No. 11 Civ. 5088 (RMB) (HBP), 2016 WL 616386, at *19 (S.D.N.Y. Feb. 16, 2016)); *accord, e.g.*, *Schlaifer Nance & Co.* v. *Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). And a court may not impose a sanction if it effectively "confer[s] subject-matter jurisdiction on itself where it may have been lacking." *Funk* v. *Belneftekhim*, 861 F.3d 354, 371 (2d Cir. 2017). Doing so "exceeds a district court's sanctioning discretion, particularly where alternatives are available." *Id.*

## B.    Analysis

For the reasons the Court has detailed in its prior sanctions orders (*see* Dkt. #212, 228, 244, 275, 281, 292, 301, 331), and because Mr. Grossmann's harassing conduct has persisted despite those orders' issuance, the Court must exercise its inherent powers once more to sanction Mr. Grossmann. In this section, the Court will describe the two parts of the sanction it hereby imposes.

1. **Monetary Sanctions**

As described above, the Court determined that as of June 2, 2017, Mr. Grossmann owed Plaintiffs a total sanctions award of $18,500.00. (Dkt. #353). To date, Mr. Grossmann has failed to remit payment. (Dkt. #369).

Instead, Mr. Grossmann has persisted in violating this Court's orders. Specifically:

- On July 5, 2017, Plaintiffs' counsel[2] advised the Court that Mr. Grossmann had sent six emails to counsel and Plaintiffs' employees in violation of the Court's orders during the time period from June 5, 2017, to July 5, 2017. (Dkt. #364).

- On July 12, 2017, Plaintiffs' counsel advised the Court that Mr. Grossmann had sent an additional email to counsel and Plaintiffs' employees in violation of the Court's orders and which used particularly "insulting, threatening, harassing, vulgar, and offensive language." (Dkt. #367).

- On July 13, 2017, Plaintiffs' counsel advised the Court that Mr. Grossmann had sent two additional emails to counsel and Plaintiffs' employees in violation of the Court's orders. (Dkt. # 373).

- And finally, on July 27, 2017, Plaintiffs' counsel advised the Court that Mr. Grossmann had sent two additional emails to counsel and Plaintiffs' employees in violation of the Court's orders. (Dkt. #371, 372).

For these 11 violations of the Court's January 6, 2017 Order, the Court sanctions Mr. Grossmann **$5,500.00**, to be paid to Plaintiffs ($500 per each of the above 11 emails that Plaintiffs and/or their counsel and employees

---

[2]     The Court understands that several emails directed to Plaintiffs' counsel were not received by counsel because of misspellings in his email address. (*See* Dkt. #364, 367).

received).[3] **Therefore, in total as of today, Mr. Grossmann owes Plaintiffs $24,000.00.** Mr. Grossmann must pay Plaintiffs this sum on or before **September 15, 2017.**

### 2. Additional Sanctions

However, as the pattern of conduct described above and in this Court's prior orders should indicate, the Court has been unable to curb Mr. Grossmann's behavior with monetary sanctions alone. Mr. Grossmann has willfully persisted in his harassment of Plaintiffs, their counsel, and their employees for many months, despite the Court's repeated warnings that his doing so would eventually force the Court to impose more severe sanctions on him. And as the Court found previously, Mr. Grossmann's conduct has been entirely without color and undertaken for the improper purposes of harassment and settlement extortion.

Thus, the Court has been left to determine what additional sanction it may fashion for Mr. Grossmann's conduct, which it finds plainly abusive of the judicial process. *See Goodyear Tire*, 137 S. Ct. at 1186 (quoting *Chambers*, 501 U.S. at 44-45). The Court is mindful that in its May 2017 Opinion, the Court granted Plaintiffs' motion for a new trial on the issue of domestic injury and set a trial on that issue to start on January 8, 2018. *See Elsevier Inc.*, 2017 WL 1843298. Therefore, the Court has endeavored here to sculpt a

---

[3] The Court will not sanction Mr. Grossmann for the emails he sent directly to the Court and not to Plaintiffs, their counsel, or their employees during this time period because these emails were not violative of the Court's orders. (*See* Dkt. #354, 358, 362, 363, 365, 368).

sanction that will permit Plaintiffs to vindicate their right to a new and fair trial that is not compromised by Mr. Grossmann's threats and harassment.

The Court has considered simply deeming the issue of domestic injury admitted, and entering judgment in Defendant's favor. But the Court has ultimately declined to do so here in light of the Second Circuit's recent expression of a preference for evidentiary sanctions rather than sanctions that effectively dismiss a case. Specifically, in *Funk* v. *Belneftekhim*, the Circuit indicated that barring defendants from asserting a sovereign-immunity defense was an impermissible sanction, particularly because "prohibiting defendants from offering further supporting evidence" on the relevant issue was a lesser sanction that would likely achieve the same result. 861 F.3d at 371-72. The Circuit admitted that "the practical difference between an evidentiary sanction and one striking defendants' foreign sovereign immunity claim may appear small," but still held the former was preferable because while "[e]videntiary sanctions could shape, [and] even limit, the factual record[,] ... the district court would still have to make a merits ruling from that record on defendants' foreign sovereign immunity claim." *Id.* at 372.

To be clear, the instant case is distinguishable from *Funk* in several ways. Here, the Court has already made a merits ruling of sorts; in its May 2017 Opinion, the Court deemed sufficient Plaintiffs' proffered evidence of domestic injury. *Elsevier Inc.*, 2017 WL 1843298, at *6 ("Plaintiffs have indicated that at a new trial in this case, they would introduce evidence that all but three of the 51 journals at issue in this case were shipped from and/or

9

authorized to be shipped from within the United States. The Court finds this proffer satisfactory, and grants Plaintiffs' motion for a new trial on the issue of domestic injury." (citation omitted)). Moreover, the Court's resolution of the domestic-injury issue is only dispositive in light of a jury's finding at trial that Plaintiffs have already proven all other elements of their RICO claims under 1964(c). *Id.* at *1. And finally, the sanction imposed here does not give the Court subject-matter jurisdiction as did the sanction in *Funk*; this Court has subject-matter jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, *Am. Psychiatric Ass'n* v. *Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016) ("[T]he absence of a valid ... cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case." (omission and emphasis in original) (internal quotation marks omitted) (quoting *Lexmark Int'l, Inc.* v. *Static Control Components, Inc.*, — U.S. —, 134 S. Ct. 1377, 1387 n.4 (2014)); *Alphas Co. of N.Y. Inc.* v. *Hunts Point Terminal Produce Coop., Inc.*, No. 14 Civ. 145 (ALC), 2017 WL 1929506, at *3 (S.D.N.Y. May 9, 2017) (applying *Am. Psychiatric Ass'n* in the RICO context and holding that failure to demonstrate RICO cause of action did not implicate subject-matter jurisdiction).

In an abundance of caution however, given Mr. Grossmann's *pro se* status and the special solicitude that it affords him, *see Tracy* v. *Freshwater*, 623 F.3d 90, 100-04 (2d Cir. 2010); *McLeod* v. *Jewish Guild for the Blind*, — F.3d —, No. 15-2898-cv, 2017 WL 3044626, at *3 (2d Cir. July 19, 2017) (per curiam) (affirming "well-worn precedent concerning a district court's

obligation to liberally construe *pro se* submissions"), and the Circuit's guidance in *Funk*, the Court will impose only an evidentiary sanction at this stage. The Court will preclude Mr. Grossmann from introducing evidence as to the issue of domestic injury.

## CONCLUSION

For the reasons stated above, Plaintiffs may file a motion for summary judgment on the issue of domestic injury on or before September 15, 2017, and Mr. Grossmann may not introduce evidence to oppose this motion. In the event that the Court does not grant Plaintiffs' summary judgment motion on the issue of domestic injury, the Court will set a new trial date. For now, the trial regarding the issue of domestic injury set to begin at 9:00 a.m. on January 8, 2018 is adjourned *sine die*.

The terms of the Court's prior sanctions orders remain in effect; Mr. Grossmann may not contact Plaintiffs, their counsel, or their employees without the Court's consent. For each and every violative contact, Mr. Grossmann will be sanctioned an additional $500 to compensate Plaintiffs and their counsel for the time they must spend dealing with that contact.

With regard to PTI and IBIS, Plaintiffs are advised to proceed in accordance with Attachment A of the Court's individual rules if they wish to pursue a default judgment against these entities.

SO ORDERED.

Dated:     August 7, 2017
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*
Pierre Grossmann
100 Hilton Ave, Unit M23
Garden City, NY 11530
pierreg@pti.com.br
iampierre@yesicandob2b.com

11